**FILED**
**Dec 15, 2021**
**02:23 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **REAZKALLAH ABDELSHAHAED,** | ) | **Docket No. 2020-05-0836** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TAYLOR FARMS,** | ) | **State File No. 56254-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## COMPENSATION ORDER DENYING BENEFITS

The Court held a Compensation Hearing in this case on December 9, 2021, to determine whether Mr. Abdelshahaed is entitled to medical and disability benefits. Because Mr. Abdelshahaed submitted no medical proof that his injury arose primarily out of his employment with Taylor Farms, the Court holds that he is not entitled to the requested benefits.

### History of Claim

After working at Taylor Farms as a product handler for about three years, Mr. Abdelshahaed developed pain in his right hand. He reported the problem to his supervisors, who advised that Taylor Farms would provide medical treatment. However, Mr. Abdelshahaed felt the process was taking too long, and he sought treatment on his own from Dr. Adam Cochran.

After Mr. Abdelshahaed started seeing Dr. Cochran, Taylor Farms offered him a panel of physicians. He selected Dr. Joseph Weick and signed the panel.[1] Mr. Abdelshahaed was very dissatisfied with Dr. Wieck's treatment.

---

[1] Mr. Abdelshahaed testified that this was actually the third panel he received and that the Taylor Farms failed to honor his first two selections.

1

At the hearing, Mr. Abdelshahaed asked the Court to order Taylor Farms to send him to a specialist, as he has lost his health insurance. He also said that Taylor Farms fired him after he returned to work and asked for temporary disability benefits to make up for his lost wages.[2] Taylor Farms contended that Mr. Abdelshahaed is not entitled to benefits because he did not prove that his injury was primarily caused by work.

**Findings of Fact and Conclusions of Law**

Mr. Abdelshahaed, as the employee in a workers' compensation claim, has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing, he must show by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

The first element that Mr. Abdelshahaed must prove is that his alleged injury arose primarily out of and in the course and scope of his employment. This includes the requirement that he show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

In this case, neither party offered any medical proof.[3] Instead, Mr. Abdelshahaed contended that his symptoms only appeared after his work for Taylor Farms and suggested that the cause of his injury is self-evident. He contended that this is sufficient for the Court to award benefits. However, the Court cannot do so, because judges "are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15 (Sept. 19, 2016). Because the Court has no medical proof of causation, Mr. Abdelshahaed did not show that his injury arose out of and in the course and scope of his employment. This means the Court cannot find he is entitled to workers' compensation benefits.

---

[2] He also described significant problems with Taylor Farms's compliance with his light duty restrictions, as well as the denial of his short-term and long-term disability requests. The Court will not address these claims, as it has no legal authority to grant any relief for them.

[3] Although he never tried to move it into evidence, Mr. Abdelshahaed referred to a causation opinion from Dr. Cochran that the Court considered in his previous expedited hearing. However, that opinion was contained in one of Dr. Cochran's medical records. Thus, even if Mr. Abdelshahaed had offered the actual record as an exhibit, it would not have been admissible during a compensation hearing under Tennessee Compilation Rules and Regulations 0800-02-21-.15(2).

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Abdelshahaed's claim is denied.

2.  Taylor Farms shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

3.  Taylor Farms shall file an SD-2 within five days of entry of this order.

4.  Unless appealed, this order shall become final thirty days after entry.

**ENTERED December 15, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1.  Form C-42 Choice of Physician Form

Technical record:
1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing
4.  Expedited Hearing Order
5.  Scheduling Order
6.  Employer's Pre-Compensation Hearing Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on December 15, 2021.

| Name | Certified Mail | Email | Service Sent To |
|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | 456 Cedar Park Circle<br>Lavergne, TN 37086<br>reazkallahabdelshahaed@yahoo.com |
| Peter Rosen,<br>Employer's Attorney | | X | prosen@vkbarlaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*